IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Loretta M. Ratliff,<br><br>        Plaintiff,<br><br>vs.<br><br>The United States of America,<br><br>        Defendant. | CASE NO.: 3:25-cv-11286-MGL<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

  Plaintiff, by and through her undersigned counsel, and complaining of Defendant United States of America, bring this action for negligence and for the personal injuries inflicted by Defendant and/or one or more of its agents, servants, employees and other staff on the Plaintiff, Loretta Ratliff, in the following particulars:

## PARTIES

**Plaintiff:**

  1. Plaintiff, Loretta Ratliff, is a citizen and resident of Lexington County, State of South Carolina. Plaintiff complied with the provisions of 28 U.S.C. § 2675(a) by filing an administrative claim prior to commencement of this action.

**Defendant:**

  2. Defendant United States of America (hereinafter, "Defendant" or "USA") is a proper party to this action which is being brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et. seq.

  3. The USA, by and through the Department of Veteran's Affairs ("V.A.") and its V.A. Hospital, particularly the William Jennings Bryan Dorn V.A. Hospital (hereinafter "Dorn") is being sued for the actions or inactions of one of its shuttle bus drivers while transporting passengers around the Dorn campus. The shuttle bus drivers are USA/Dorn's

agents, servants, and/or employees and all acts or omissions complained of herein, performed by said agents, servants, and/or employees occurred during the course and scope of such agency and/or employment and are therefore imputed to Defendant USA.

4.     Furthermore, Defendant's negligent acts, omissions, and liability includes that of its agents, principles, employees, and/or servants, both directly and vicariously, pursuant to principals of non-delegable duty, corporate liability, apparent authority, agency, ostensible agency, and/or respondeat superior.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction pursuant to its federal question jurisdiction as provided for by 28 U.S.C. §1331 and 1346 and in compliance with 28 U.S.C. § 1346(b), 2671-2680 et. seq. commonly known as the "Federal Tort Claims Act," which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the United States Federal District Courts.

6.     Pursuant to 28 U.S.C. § 1391(b)(2) and Local Civil Rule 3.01(A)(1), venue is proper in the Columbia Division of the United States District Court, District of South Carolina, as a substantial part of the events giving rise to this lawsuit occurred in this district.

7.     Plaintiff submitted an administrative claim to the appropriate claims officer for a Veterans Administration tort claim.  To date, a letter of denial has not been received, but more than six (6) months have passed and Plaintiff is hereby exercising her option to consider the claim denied pursuant to 28 U.S.C. § 2675(a).

## BACKGROUND / FACTS

8.     The Plaintiff files this action due to the negligence, recklessness, and/or gross negligence on the part of the United States of America and/or its agents and/or employees.

9.     The claims contained herein arise out of negligence, recklessness, and/or gross negligence by an agent, servant, and/or employee of Dorn V.A. Hospital in Columbia, South Carolina.

10. On or about July 24, 2023, Plaintiff and her husband were lawful visitors at the Dorn V.A.

11. While on the Dorn campus, the Plaintiff and her husband boarded a shuttle bus to be transported to the location of the husband's medical appointment. One of the primary uses of the shuttle bus is to provide transportation to visitors to the Dorn campus.

12. The subject shuttle bus was owned by the Defendant and driven by an authorized agent and/or employee of the Defendant.

13. Upon information and belief, the driver of the shuttle bus was in the course and scope of his employment with the Defendant while transporting Plaintiff and her husband.

14. As the shuttle bus came to a complete stop, Plaintiff attempted to exit the shuttle. As Plaintiff exited the shuttle, the shuttle driver began to drive away before she safely exited the shuttle bus, causing personal injuries to Plaintiff.

15. The USA's (and that of its agents and servants) failure to adequately hire and train its personnel, drivers, and other staff in the care and safe transportation of passengers on one its shuttle buses led to the injuries of the Plaintiff.

16. Upon information and belief, the USA has appropriate policies and procedures on the safe transportation of all passengers on its shuttle buses on the campus of any V.A. facility.

17. The negligent and reckless actions of Dorn's agent, servant, and/or employee driver led to the injuries of the Plaintiff.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence on behalf of the Shuttle Bus Driver)**

18. Plaintiff incorporates and reiterates all above paragraphs as if set forth fully verbatim herein.

19. The shuttle driver, while working in the course and scope of his employment as an agent and/or employee of Defendant, owed other individuals a duty to exercise ordinary care for their safety while operating a transportation vehicle on a public or private roadway.

20. The shuttle driver negligently, carelessly, and recklessly breached the duties

owed to Plaintiff.

21. The shuttle driver violated the duty of care he owed Plaintiff and was careless, negligent, grossly negligent, reckless, willful, wanton, and/or acting in violation of the laws of this State at the time and place mentioned above, in the following particulars:

a. In operating the vehicle in a negligent and unsafe manner;

b. In failing to maintain a proper and diligent lookout;

c. In failing to be attentive to his passengers;

d. In failing to maintain control of the vehicle;

e. In failing to keep the vehicle in a stopped position for a period long enough to allow passengers to exit entirely and in a safe manner;

f. In failing to maintain safe and proper control of this vehicle;

g. In allowing himself to become distracted;

h. In failing to use that degree of care and caution that a reasonable person would under the same or similar circumstances;

i. In driving said vehicle in utter disregard of the rights and safety of Plaintiff and others lawfully using the public or private roadway;

j. Otherwise failing to act reasonably and prudently as a professional passenger commercial driver under the circumstances; and

k. In any such other particulars as the discovery process or the evidence at trial may show.

All of the above were the direct and proximate cause of the injuries and damages suffered by Plaintiff, said acts being in violation of the Statutes and Common Laws of the State of South Carolina.

22. The driver of the shuttle violated the above-mentioned duties and responsibilities and was, therefore, negligent, negligent *per se*, careless, reckless, willful and wanton.

23. As a direct and proximate result of the negligence of the shuttle driver, while working in the course and scope of his employment as an agent and/or employee of Defendant, Plaintiff suffered personal injuries.

**FOR A SECOND CAUSE OF ACTION**
**(Negligence on behalf of the Department of Veterans Affairs)**

24.     Plaintiff incorporates and reiterates all above paragraphs as if set forth fully verbatim herein.

25.     Defendant is liable for the negligent actions and/or omissions of the V.A. in its employment of the shuttle driver pursuant to the doctrine of respondeat superior and the law of agency.

26.     The V.A. exercised control over the shuttle driver and had the right to control the time, manner, and method of his work.

27.     The V.A., while acting on behalf of the Defendant, were negligent in hiring, training, entrusting, supervising, and retaining the driver in connection with his operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent organization under the same or similar circumstances.

28.     The V.A., on behalf of the Defendant, violated their duty of care to Plaintiff and others on the public and private roadways, and were careless, negligent, grossly negligent, reckless, willful and/or wanton in the following ways:

   a.     In hiring a driver without the skill, knowledge, training, and/or experience to properly and safely operate the shuttle bus vehicle;

   b.     In failing to properly train their driver to operate the shuttle bus vehicle on which Plaintiff was a passenger;

   c.      In failing to properly supervise their driver to ensure that he could and would safely operate the shuttle vehicle on the roadway;

   d.     In failing to ensure that the driver was qualified to drive a passenger shuttle/commercial vehicle;

   e.     In failing to properly and adequately train, supervise, and monitor the driver to ensure that he could and would safely operate the passenger vehicle on the public and private roadways, including the roadway at Dorn V.A. in Richland County, South Carolina;

   f.     In allowing a driver that was untrained, unskilled, incapable, and/or unqualified to drive a passenger/commercial vehicle;

g. In entrusting its passenger/commercial vehicle to a driver when, Defendant knew or reasonably should have known that he was incompetent, unskilled, untrained, or, otherwise unable to drive a passenger vehicle in a reasonably safe manner;

h. In failing to have in place adequate policies and procedures to mandate compliance by its drivers with State and Federal statutes, laws, and regulations regarding the operation of passenger/commercial vehicles or, if such policies and procedures were in place, in failing to enforce them;

i. In failing to have in place adequate policies and procedures to train, monitor, and supervise its drivers or, if such policies and procedures were in place, in failing to adequately enforce them;

j. In failing to implement and enforce safety management controls to monitor and supervise drivers and ensure safe pick-ups and drop-offs of passengers;

k. In failing to have in place an adequate safety program for the safety and protection of passengers and/or other individuals on the roadway or, if it did, in failing to take necessary steps to enforce and monitor compliance with it;

l. In failing to appropriately monitor and manage the driver's driving practices;

m. In failing to exercise the degree of care and caution that a reasonable and prudent entity would have exercised under the same or similar circumstances; and

n. In such other particulars that may be discovered and/or shown in the discovery process and/or trial of this case.

All of the above were the direct and proximate cause of the injuries and damages suffered by Plaintiff, said acts being in violation of the Statutory and Common Laws and Regulations of the State of South Carolina.

29. Defendant violated the above-mentioned duties and responsibilities and was, therefore, negligent, negligent *per se*, careless, reckless, willful and wanton.

30. As a direct and proximate result of the negligence, gross negligence, and recklessness of the V.A., on behalf of Defendant, Plaintiff sustained injuries.

## **PRAYER FOR RELIEF**

31. Plaintiff incorporates and reiterates all of the above paragraphs as if set forth fully verbatim herein.

32. This wreck was solely caused by the acts and/or omissions of the agents and/or employees of Defendant, individually and in combination with each other.

33. As a direct and proximate result of the negligence, gross negligence, negligence *per se*, recklessness, willful and wanton actions and/or inactions of the agents and/or employees of Defendant, Plaintiff suffered serious physical harm and injuries to her right hip, back, neck, and other body parts, which caused Plaintiff to undergo physical pain, suffering, mental anguish, emotional distress, permanent impairment of health and bodily efficiency, permanent injury, and lost wages. Additionally, her injuries have caused and, in the future, will cause Plaintiff to have to spend money for medical treatment and to lose money in lost wages.

34. For these reasons, Defendant is liable to Plaintiff for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff in an amount deemed appropriate by the jury.

35. For the reasons cited above and more still yet to be discovered, the conduct of the agents and/or employees of Defendant constituted a conscious disregard for the life and safety of Plaintiff and for the lives and safety of the public in general, and, therefore, Defendant is liable to the Plaintiff for exemplary and/or punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages and punitive damages in an appropriate amount, for the costs of this action, and for such other and further relief as the Court may deem just and proper.

[*Signature block to follow on next page*]

**McWHIRTER, BELLINGER & ASSOCIATES, P.A.**

<u>s/Bennett E. Casto</u>
Bennett E. Casto, Esquire
Federal ID No. 14010
119 East Main Street
Lexington, South Carolina 29072
P: (803) 359-5523
F: (803) 996-9080
E: Bennett@mbalaw.com
*Attorney for the Plaintiff*

Lexington, South Carolina
August 21, 2025